LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

──────────────────────────────────

DOMINIK GRZYBOWSKI,
*on behalf of himself and*
*FLSA Collective Plaintiffs,*

        Plaintiff,

    v.

IL VALENTINO RESTAURANT INC.
      d/b/a FOUR CUTS STEAKHOUSE,
LE GRAND NYC INC.
      d/b/a IL VALENTINO OSTERIA,
MIRSAD LEKIC
and CHRISTOPHER MILLER,

        Defendants.

──────────────────────────────────

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

        Plaintiff, DOMINIK GRZYBOWSKI, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE, LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA, MIRSAD LEKIC and CHRISTOPHER MILLER (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) liquidated damages and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) liquidated damages and statutory penalties and (3) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.  Plaintiff, DOMINIK GRZYBOWSKI, is a resident of New York County, New York.

6.  Upon information and belief, Defendant, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1076 First Avenue, New York, New York 10022.

7.  Upon information and belief, Defendant, LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 1078 First Avenue, New York, New York

10022 and an address for service of process located at 1076 First Avenue, New York, New York 10022.

8.   Upon information and belief, Defendant, MIRSAD LEKIC, is the Chairman or Chief Executive Officer of Defendants, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE and LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA. MIRSAD LEKIC exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9.   Upon information and belief, Defendant, CHRISTOPHER MILLER, is a principal of each of the Defendants, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE and LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA. CHRISTOPHER MILLER exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE and LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA operate as a single integrated enterprise. In addition, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE and LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA share a common ownership structure and are engaged in the same type of business.

11. At all relevant times, each of Defendants, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE and LE GRAND NYC INC. d/b/a IL VALENTINO

OSTERIA, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

17. On or about July 31, 2016 Plaintiff, DOMINIK GRZYBOWSKI, was hired by Defendants and/or their predecessors, as applicable, to work as a bartender for Defendants' restaurant business located at 1076 First Avenue, New York, New York 10022.  Throughout his employment, Plaintiff DOMINIK GRZYBOWSKI was required to transfer ingredients between the two locations of Defendants' restaurant businesses, 1076 First Avenue, New York, New York 10022 and 1078 First Avenue, New York, New York 10022.

18. Plaintiff, DOMINIK GRZYBOWSKI, worked for Defendants until in or about October 2016.

19. Specifically, Plaintiff DOMINIK GRZYBOWSKI worked 5 days a week: from 5:00 p.m. to 11:00 p.m., from Tuesday to Saturday; for a total of 30 hours per week.  Plaintiff DOMINIK GRZYBOWSKI received an hourly rate of $7.50 by check.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and FLSA Collective Plaintiffs.

21. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

23. Defendants took an improper tip credit with respect to Plaintiff and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to

employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiff and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities. For example, throughout his employment, Plaintiff was required to restock merchandise, clean fridges and sinks, assist food runners, etc.

24. Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, each of Defendants, IL VALENTINO RESTAURANT INC. d/b/a FOUR CUTS STEAKHOUSE and LE GRAND NYC INC. d/b/a IL VALENTINO OSTERIA, had gross revenues in excess of $500,000.

29. Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

31. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage when Defendants knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

36. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

39. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

40. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

41. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

42. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to the New York Labor Law;

e.    An award of statutory penalties, and prejudgment and postjudgment interest;

f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 6, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By:   */s/ C.K. Lee*
         C.K. Lee (CL 4086)